**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00612-NYW-MDB

TRACI BRYAN, as assignee of ATR LIMITED, d/b/a PEAK TAVERN, a/k/a THE PEAK TAVERN, a/k/a IRISH HOUSE LOUNGE,

    Plaintiff,

v.

UNITED STATES LIABILITY INSURANCE COMPANY, a/k/a UNITED STATES LIABILITY INSURANCE GROUP, INC., a/k/a UNITED STATES LIABILITY INSURANCE,

    Defendant.

---

## MEMORANDUM OPINION & ORDER

This matter is before the Court on the Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss" or "Motion"), [Doc. 21], filed by Defendant United States Liability Insurance Company, Inc., a/k/a United States Liability Insurance Group, Inc., a/k/a United States Liability Insurance ("Defendant" or "USLI"). The Court has reviewed the Motion and the related briefing, the applicable case law, and the entire case file, and concludes that oral argument would not materially assist in the resolution of the Motion. For the reasons set forth below, the Motion to Dismiss is respectfully **GRANTED**.

### BACKGROUND

In this insurance coverage dispute, Plaintiff Traci Bryan ("Plaintiff" or "Ms. Bryan"), as assignee of ATR Limited, d/b/a Peak Tavern, a/k/a The Peak Tavern, a/k/a Irish House Lounge ("Peak Tavern" or "the bar"), alleges that USLI wrongfully denied general/commercial liability coverage to its insured, Peak Tavern, for a premises liability claim asserted by Ms. Bryan against the bar arising from an altercation that occurred in the bar's parking lot in April 2019. *See*

[Doc. 15-22 at ¶¶ 8, 13, 48, 51–69 (Amended Plaintiff's Complaint ("Amended Complaint")];[1, 2] *see also* [Doc. 15-4 at ¶¶ 8–13, 28–36 (Exhibit 1 to Amended Complaint)]. Ms. Bryan brings claims against USLI for breach of insurance contract and common law bad faith breach of insurance contract, seeking to recover, among other things, the damages she is owed by Peak Tavern pursuant to a settlement agreement in the underlying action. [Doc. 15-22 at 7–9].

I.  The Underlying Case Against Peak Tavern

In April 2019, Plaintiff was involved in an altercation between a group of approximately fifteen women in Peak Tavern's parking lot. [Doc. 15-4 at ¶¶ 5–9]. At some point during the altercation, Carlie Miles ("Ms. Miles") got into her car, which was parked nearby. [*Id.* at ¶ 10]. The group of women then began banging on the car's windows. [*Id.*]. In response, Ms. Miles reversed her vehicle and, in doing so, hit Ms. Bryan with such force that she "ended up on the ground several feet away from where the altercation occurred." [*Id.* at ¶¶ 11–12]. As a result of the incident, Ms. Bryan sustained serious injuries. [*Id.* at ¶¶ 20, 27, 33]. According to Ms. Bryan, Ms. Miles "was written a citation pursuant to C.R.S. § 18-3-205(1)(a) for vehicular assault which was the proximate cause of serious bodily injury." [*Id.* at ¶ 13].

Ms. Bryan sued Ms. Miles and Peak Tavern, asserting claims for negligence and negligence per se against Ms. Miles and premises liability against the bar in Colorado state court. [*Id.* at ¶¶ 15–36]. After receiving service of the complaint, Peak Tavern filed a claim with its insurer, USLI, pursuant to its insurance policy, which includes commercial property, commercial general liability, and liquor liability coverage (the "Policy"). [Doc. 15-22 at ¶¶ 12–14]; *see also* [Doc. 15-

---

[1] The Court draws the following factual background from Plaintiff's Amended Complaint, [Doc. 15-22], and presumes the well-pleaded allegations are true for purposes of this Order.

[2] When referring to documents filed in this action, this Court uses the convention [Doc. ___], referring to the docket and page or paragraph number assigned by the Court's Electronic Case Filing ("ECF") System.

2

8 (Exhibit 5 to the Amended Complaint, the Policy)].  USLI initiated an investigation of Peak Tavern's claim,[3] but ultimately denied coverage and disclaimed any duty to defend or indemnify Peak Tavern.  [Doc. 15-22 at ¶¶ 14–20, 25–27; Doc. 15-11 at 1].

In its denial, USLI explained that Peak Tavern's liquor liability coverage was not triggered by Ms. Bryan's premises liability claim, which alleged that the bar "knew or should have known of the danger on [its] property to wit, an altercation between patrons," and its failure "to protect against [that] danger" was a direct and proximate cause of Ms. Bryan's injuries, *see* [Doc. 15-4 at ¶¶ 32–33], as opposed to alleging that Ms. Bryan's damages were caused by Peak Tavern's having sold, served, or furnished an alcoholic beverage to Ms. Miles, *see* [Doc. 15-11 at 5–6 (quoting [Doc. 15-8 at 138])].  Nor, USLI asserted, did Ms. Bryan's claim against Peak Tavern fall within its commercial general liability coverage, which expressly excludes "[a]ny claim, demand or 'suit' based upon any actual or alleged 'assault' or 'battery'" or "any claim, demand or 'suit' in which the underlying operative facts constitute 'assault' or 'battery'" ("Assault and Battery Exclusion" or "Exclusion").  [*Id.* at 3–4 (quoting [Doc. 15-8 at 70])].  Because Ms. Bryan's "alleged injuries were the result of an incident that qualifies as an 'assault' and/or 'battery' as defined [within the Policy]," USLI stated, "the commercial general liability coverage part does not provide coverage, indemnity or defense, for this matter."  [*Id.* at 4]; *see also* [Doc. 15-8 at 45 (pursuant to the Policy's commercial general liability section, USLI "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies" and "will have the right and duty to defend the insured against any 'suit' seeking those damages," but "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' . . . to which this insurance does not apply")].

---

[3] Plaintiff questions the sufficiency of this investigation.  *See* [Doc. 15-22 at ¶¶ 15, 19, 54, 64, 66].

3

Because USLI declined to defend Peak Tavern in the underlying action, its owners were "forced to attempt to defend [Peak Tavern] on [their] own or find a defense attorney." [Doc. 15-22 at ¶ 39].[4]  After obtaining counsel, Peak Tavern entered into a settlement agreement with Ms. Bryan that resolved her premises liability claim against the bar, which the presiding judge subsequently approved. [*Id.* at ¶¶ 41–44]. As part of the settlement, Peak Tavern assigned to Ms. Bryan its rights in any claims against USLI. [*Id.* at ¶ 48]. A final judgment was entered in the underlying action on October 21, 2021. [*Id.* at ¶ 44].

## II.  Plaintiff's Action Against USLI

To vindicate her assigned rights, Plaintiff then brought claims for breach of insurance contract and common law bad faith breach of insurance contract against USLI in state court based on the commercial general liability insurance portion of the Policy. [*Id.* at ¶¶ 1, 51–69]. In Plaintiff's view, USLI failed to adequately investigate Peak Tavern's coverage claim, wrongfully denied coverage pursuant to the Policy, and wrongfully declined to defend Peak Tavern in the underlying action. [*Id.*]. Defendant removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1]; *see also* [Doc. 9; Doc. 18].

Thereafter, USLI moved to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 21]. Plaintiff filed a response in opposition to the Motion ("Response"), [Doc. 29], to which Defendant replied, [Doc. 30]. Accordingly, the matter is fully briefed and ripe for disposition.

---

[4] This Court notes that as a corporate entity, Peak Tavern would necessarily require counsel in the underlying Colorado state court action. *See People v. Adams*, 243 P.3d 256, 265–66 (Colo. 2010) ("Corporations cannot appear *pro se* and may only appear in a court of record represented by counsel.").

4

**LEGAL STANDARD**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (internal quotation marks omitted). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible" (internal quotation marks omitted)). The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

With that standard in mind, the Court turns to USLI's Motion to Dismiss.

**ANALYSIS**

**I.     Proper Procedural Framework**

Before turning to the substance of Defendant's arguments for dismissal, this Court first considers the proper procedural framework. Plaintiff argues that USLI's Motion to Dismiss is not a true motion to dismiss, but rather is one for summary judgment. [Doc. 29 at 3–6]. Plaintiff contends that "[e]ssentially, USLI asks the Court to interpret an assault and battery exclusion in

their insurance coverage contract that is very nuanced using only the current pleadings in front of the Court and the attached exhibits to the pleadings as evidence." [*Id.* at 5]. Plaintiff argues that dismissal of this action would be inappropriate without permitting discovery as it pertains to the Exclusion. [*Id.*]. On Reply, Defendant argues that its Motion to Dismiss is based on the interpretation and application of a policy exclusion and is therefore properly framed as a motion to dismiss. [Doc. 30 at 2–3].

Because this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, *see* [Doc. 1 at ¶ 10], the Court applies the substantive law of the forum state, *see Zurich Am. Ins. Co. v. O'Hara Reg'l Ctr. for Rehab.*, 529 F.3d 916, 920 (10th Cir. 2008) ("Because this case arises under our diversity jurisdiction, Colorado insurance law applies."). Because neither Party disputes the application of Colorado law, *see, e.g.*, [Doc. 21 at 6; Doc. 29 at 4], the Court assumes that Colorado law applies here, *see Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption."). In Colorado, whether there is a duty to defend is a question of law. *Carl's Italian Rest. v. Truck Ins. Exch.*, 183 P.3d 636, 639 (Colo. App. 2007). As discussed more fully below, "[a]s a general rule under Colorado law, an insurer's duty to defend an insured is triggered solely on the basis of the allegations made within the four corners of the complaint, read against the insurance policy." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 960 (10th Cir. 2011); *see also Wardcraft Homes, Inc. v. Emps. Mut. Cas. Co.*, 70 F. Supp. 3d 1198, 1203 (D. Colo. 2014); *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 829 (Colo. 2004).

Here, in order to facilitate its analysis, the Court may "consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute

6

the documents' authenticity." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quotation omitted). The underlying complaint against Peak Tavern was referenced in and attached to Plaintiff's Amended Complaint in this action, *see* [Doc. 15-22 at ¶ 8 (citing [Doc. 15-4 (Exhibit 1 to the Amended Complaint, the underlying complaint against Peak Tavern)])], is central to Plaintiff's claims, and neither Party disputes its authenticity. The Court finds that the same is true of Peak Tavern's insurance policy with USLI, *see* [*id.* at ¶ 13 (citing [Doc. 15-8 (Exhibit 5 to the Amended Complaint, the Policy)])], and USLI's explanation of its denial of the bar's coverage claim, *see* [*id.* at ¶ 25 (citing [Doc. 15-11 (Exhibit 8 to the Amended Complaint, explanation of denial)])], both of which are discussed below. Therefore, the Court may consider each of these documents in ruling on the Motion without converting it to one for summary judgment.

## II.   Applicability of Assault and Battery Exclusion

Defendant argues that because Ms. Bryan's underlying premises liability claim falls within the Assault and Battery Exclusion to Peak Tavern's commercial general liability coverage, USLI was required neither to provide Peak Tavern with a defense nor indemnify it for any liability on the underlying claim.[5] [Doc. 21 at 3–9]. Accordingly, USLI contends, Plaintiff cannot show that Defendant breached a duty owed to Peak Tavern under the Policy—in bad faith or otherwise—when it declined to defend the bar in the underlying action. [*Id.*]. In response, Plaintiff

---

[5] Plaintiff appears to misunderstand Defendant's argument on this point. In discussing the underlying complaint against Peak Tavern, USLI does not seek to challenge the sufficiency of the allegations raised therein. *See* [Doc. 29 at 8–10 (asserting that USLI is "ostensibly attempting to dismiss the Plaintiff's Amended Complaint which is currently in front of the Court by actually writing a Motion to Dismiss targeted at the underlying complaint" and arguing that the underlying complaint is sufficiently averred)]. Instead, USLI claims that, taking the allegations in the underlying complaint as true, Ms. Bryan's premises liability claim against Peak Tavern was not covered by the Policy, and therefore the insurer had no duty to defend the bar in the underlying action. [Doc. 21 at 5–6].

7

asserts that even if USLI believed that the Policy did not cover Ms. Bryan's claim against Peak Tavern, USLI was required, at minimum, to "provide a defense to the insured under a reservation of its rights to seek reimbursement should the facts at trial prove that the incident resulting in liability was not covered by the policy, or to file a declaratory judgment action after the underlying case has been adjudicated." [Doc. 29 at 4, 6 (quoting *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991))]. In Plaintiff's view, USLI missed its opportunity to raise its defense based on the Assault and Battery Exclusion because it did not do so in the underlying action and thus, should not be permitted to assert the defense against Ms. Bryan here. The Court respectfully agrees with Defendant.

In Colorado, an insurer seeking "to avoid policy coverage . . . must establish that the exemption claimed applies in the particular case, and that the exclusions are not subject to any other reasonable interpretations." *Hecla Mining Co.*, 811 P.2d at 1090. The insurer has a duty to defend its insured unless it "can establish that the allegations in the complaint are solely and entirely within the exclusions in the insurance policy." *Id.* In other words, the "insurer is not excused from its duty to defend unless there is no factual or legal basis on which the insurer might eventually be held liable to indemnify the insured." *Id.*

If an insurer believes that it has no duty to defend, it has a few options: it can "provide a defense to the insured under a reservation of its rights to seek reimbursement should the facts at trial prove that the incident resulting in liability was not covered by the policy," bring a declaratory judgment action either before or "after the underlying case has been adjudicated," *id.* at 1089, or "simply refus[e] to defend" its insured, *Pompa v. Am. Fam. Mut. Ins. Co.*, 520 F.3d 1139, 1146 (10th Cir. 2008). The insurer's choice, however, affects which factual allegations may be considered in determining whether the insurer has a duty to defend in a particular case. *Id.* at

8

1145–46.  "When the insurer has provided [a] defense . . . and then seeks to recover defense costs from the insured, the insurer may 'rely on facts outside of the complaint' to show that 'the incident resulting in liability was not covered by the policy.'" *Id.* (quoting *Cotter Corp.*, 90 P.3d at 827). In contrast, when "the insurer wishes to avoid the cost of a defense before the underlying litigation has concluded—either by simply refusing to defend or by bringing a declaratory judgment action while the litigation is proceeding—its duty to defend is determined under the complaint rule," which provides that "'[a]n insurer's duty to defend arises when the underlying complaint against the insurer alleges any facts that might fall within the coverage of the policy.'" *Id.* at 1146 (quoting *Hecla Mining Co.*, 811 P.2d at 1089).  Pursuant to this rule, the insurer is required to defend any claim that "potentially or arguably" falls within the policy's coverage, even if the insurer's duty to defend is not "apparent from the pleadings in the case against the insured . . . or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded."  *Id.* (quoting *Hecla Mining Co.*, 811 P.2d at 1089).

In this way, the complaint rule places the "risk of the uncertainty of coverage . . . on the insurer," so as to protect the insured's "'legitimate expectation of a defense.'"  *Id.* (quoting *Cotter Corp.*, 90 P.3d at 828).  The Colorado Supreme Court has explained that "[b]y purchasing insurance, the insured reasonably expects that he will not be required to furnish the cost of defending actions that facially fall within the terms of his policy." *Cotter Corp.*, 90 P.3d at 828. To deter insurers from refusing to defend such cases, the complaint rule excuses only those who have refused to provide defenses where it is clear from the face of the complaint that there was no coverage for the underlying claims.  *Pompa*, 520 F.3d at 1146.  Thus, an insurer who takes its chances by declining to provide a defense to its insured can only rely on the factual allegations in the underlying complaint to support its coverage denial.

9

The determination of an insurer's duty to defend "depends on the terms in the insurance policy[] and the interpretation of those terms based upon the principles of contract interpretation." *Hecla Mining Co.*, 811 P.2d at 1090. As with contract interpretation, courts must "attempt to carry out the parties' intent and reasonable expectations when they drafted the polic[y]" by "giv[ing] the words in a policy their plain and ordinary meaning, unless the intent of the parties indicates otherwise." *Cotter Corp.*, 90 P.3d at 819–20. And if any "terms in an insurance policy are ambiguous"—meaning that they are "susceptible to more than one reasonable interpretation," *Pompa*, 520 F.3d at 1143 (internal quotation marks omitted)—the Ccourt construes them "against the drafter and in favor of providing coverage to the insured," *Cotter Corp.*, 90 P.3d at 820.

Because USLI refused to defend Peak Tavern, this Court may only look to the factual allegations in the underlying complaint to determine whether USLI had a duty to defend the bar.[6] In comparing the policy against the underlying complaint, this Court concludes that Ms. Bryan's allegations against Peak Tavern fall "solely and entirely" within the Policy's Assault and Battery Exclusion, and thus, USLI had no duty to defend the bar against Ms. Bryan's premises liability claim. *See Hecla Mining Co.*, 811 P.2d at 1090.

***Policy Language.*** In its commercial general liability coverage section, the Policy states that USLI "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' . . . to which this insurance does not apply." [Doc. 15-8 at 45]. And, pursuant to the Policy's Assault and Battery Exclusion, Peak Tavern's commercial general liability coverage does not extend to "[a]ny claim, demand or 'suit' based upon any actual or alleged 'assault' or 'battery', or out of any act or omission in connection with the prevention or suppression of any 'assault' or 'battery,'" or "any claim, demand or 'suit' in which the underlying operative facts constitute

---

[6] Thus, any suggestion that discovery is necessary "to expose all relevant and discoverable facts" before this Court can determine whether the policy exclusion applies, [Doc. 29 at 5], is misplaced.

'assault' or 'battery,'" where "assault" is defined as "the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature," and "battery" refers to "negligent or intentional physical contact with another without consent that results in physical or emotional injury." [*Id.* at 70]. This Exclusion expressly

> applies to all "bodily injury" . . . sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to . . . the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors; or . . . any acts or omissions of any insured, its "employees", agents, officers, directors, patrons or other persons resulting from any "assault" or ["]battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury" . . . to any person.

[*Id.*][7]

***Underlying Complaint.*** As alleged, Ms. Bryan's premises liability claim against Peak Tavern is "based upon [Ms. Miles's] actual or alleged 'assault' or 'battery'" of Ms. Bryan as well as the bar's "act or omission in connection with the prevention or suppression of [such] 'assault' or 'battery,'" and the claim describes "'bodily injury' . . . sustained by [Ms. Bryan] . . . arising out of, directly or indirectly resulting from, in consequence of, or in any way involving 'assault' or 'battery.'" *See* [*id.*]. According to Ms. Bryan, she was injured when, during an altercation in Peak Tavern's parking lot, Ms. Miles reversed her vehicle and "ran over" Ms. Bryan, causing Ms. Bryan to "end[] up on the ground several feet away from where the altercation occurred." [Doc. 15-4 at ¶¶ 8–12, 31]. In other words, Ms. Miles "use[d] force on [Ms. Bryan] that cause[d] [her] to have

---

[7] The Court perceives no ambiguity in the phrasing of the Assault and Battery Exclusion, nor does Plaintiff point the Court to any ambiguous terms, beyond describing the Exclusion as being "very nuanced." [*Id.* at 13].

11

apprehension of imminent harmful or offensive conduct" (i.e., Ms. Miles assaulted Ms. Bryan for purposes of the Assault & Battery Exclusion) and/or caused "negligent or intentional physical contact with [Ms. Bryan] without consent that result[ed] in physical or emotional injury" (i.e., Ms. Miles battered Ms. Bryan, as defined by the Exclusion). *See* [Doc. 15-8 at 70]; *cf.* [Doc. 15-4 at ¶ 13 (averring that Ms. Miles was cited for "vehicular assault which was the proximate cause of serious bodily injury")]. Peak Tavern, Ms. Bryan alleged, "knew or should have known of the danger on the property to wit, [the] altercation between patrons." [Doc. 15-4 at ¶ 32]. And "[a]s a direct and proximate result of [Peak Tavern's failure] to protect against the danger on the property," which led to Ms. Miles's assault and/or battery of Plaintiff, "[Ms. Bryan] incurred serious permanent bodily injuries, damages, and losses." [*Id.* at ¶ 33]. The Court finds that these factual allegations giving rise to Ms. Bryan's claim against Peak Tavern as pleaded in the underlying complaint fall squarely within the Policy's Assault and Battery Exclusion.[8]

Nor does the Exclusion render the Policy's coverage illusory, as Plaintiff contends, because the Policy still "covers some risk that the parties can reasonably anticipate." *Colo. Intergovernmental Risk Sharing Agency v. Northfield Ins. Co.*, 207 P.3d 839, 844 (Colo. App. 2008); *see also O'Connor v. Proprietors Ins. Co.*, 696 P.2d 282, 285 (Colo. 1985) (explaining that an exclusionary clause renders coverage illusory when it "would in effect allow the insurer to receive premiums when realistically it is not incurring any risk of liability"). *But see* [Doc. 29 at

---

[8] That Ms. Bryan styled the claim as one for premises liability is immaterial. *But see* [Doc. 29 at 7 (arguing that USLI acted unreasonably by "describing the action[] as [a] premises liability action[] brought against [its] insured, but then subsequently denying that any coverage exist[ed] or that [it] owed any defense to [its] insured")]. The Assault and Battery Exclusion carves out "[a]ny claim, demand or 'suit' based upon any actual or alleged 'assault' or 'battery', or out of any act or omission in connection with the prevention or suppression of any 'assault' or 'battery,'" [Doc. 15-8 at 70], from the Policy's commercial general liability coverage, regardless of how such claims are characterized by the claimant.

10–12 (arguing that the Exclusion renders coverage illusory)]. The Policy's commercial general liability coverage extends to damages claims for bodily injury or property damage so long as they do not arise from an underlying assault or battery. [Doc. 15-8 at 45 ("We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.")]. Although the Court agrees with Plaintiff that a suit involving "an innocent patron [who] was exiting [the] bar . . . and got 'jumped' by some unknown assailant," [Doc. 29 at 11], would likely not come within the Policy's coverage, the Court can think of many hypothetical premises liability claims that would be covered. For example, had Ms. Bryan injured herself by falling into an unmarked hole in the bar's parking lot, her subsequent claims against Peak Tavern would have triggered USLI's coverage obligations under the Policy. Indeed, courts routinely enforce similar exclusions even where the insured was a bar or similar establishment. *See, e.g.*, *Nautilus Ins. Co. v. Voss Enters., Inc.*, No. 14-cv-01675-CMA-CBS, 2015 WL 996441, at *6 (D. Colo. Mar. 2, 2015) (finding that assault and battery exclusions set forth in the insurance policy precluded coverage for claims against the insured, a bar, arising from an assault and/or battery that occurred on the bar's premises); *cf. Sphere Drake Ins. P.L.C. v. D'Errico*, 4 F. App'x 660, 662 (10th Cir. 2001) (finding that, under Oklahoma law, an assault and battery exclusion in club's insurance policy applied to claims based on altercation between the club's bouncer and a patron); *W. Heritage Ins. Co. v. Tuffy's Rest., Inc.*, No. CIV-05-1329-L, 2006 WL 3333844, at *3 (W.D. Okla. Nov. 15, 2006) (similar); *Founders Ins. Co. v. Tracks Brewing Co.*, No. 2:13-CV-00986-DN, 2015 WL 1280087, at *4–5 (D. Utah Mar. 20, 2015) (finding that some claims were precluded by the assault and battery exclusion in brewery's insurance policy) (collecting cases in a variety of districts applying similar assault and battery exclusions).

Because the Assault and Battery Exclusion applies to Ms. Bryan's premises liability claim against Peak Tavern, USLI had no duty to defend or to indemnify Peak Tavern. *See Pompa*, 520 F.3d at 1149 (finding that insurer had no duty to defend where "valid and unambiguous" exclusion applied to the underlying wrongful-death action); *see also United Fire & Cas. Co.*, 633 F.3d at 961 ("The Colorado Supreme Court has repeatedly held that where there is no duty to defend, if follows that there can be no duty to indemnify." (cleaned up)). Consequently, Plaintiff's claims for breach of insurance contract and common law bad faith breach of insurance contract must fail.[9] *See Chavez v. Ariz. Auto. Ins. Co.*, 947 F.3d 642, 644–45 (10th Cir. 2020) (finding that insurer had no duty to defend its insured and affirming district court's dismissal of plaintiff's breach of contract and bad faith claims based on insurer's alleged failure to investigate, settle, or defend claims against its insured); *see also Prospect Res., Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 10-cv-01739-WJM-BNB, 2012 WL 263394, at *7 (D. Colo. Jan. 30, 2012) (finding that because insurers had no duty to defend their insured, the plaintiff's claims for breach of contract and bad faith based on the insurers' alleged failure to investigate and defend claims against their insured could not survive, and awarding summary judgment on that basis); *Leprino v. Nationwide Prop. & Cas. Ins. Co.*, 89 P.3d 487, 492 (Colo. App. 2003) ("[B]ecause the facts alleged by the homeowners did not, even potentially, trigger coverage under defendants' policies, defendants were not obligated to provide a defense or indemnification. Thus, they neither breached their contractual obligations to plaintiff nor acted in bad faith." (citation omitted)).

---

[9] Apart from her assertion that USLI breached its duty to defend Peak Tavern when it failed to adequately investigate "the premises liability claims made against [its] insured and subsequently den[ied] a defense to [its] insured in the underlying action," [Doc. 29 at 8], Plaintiff has not articulated any independent basis on which this Court could find that Defendant acted in bad faith nor identified any other contractual obligation that Defendant is alleged to have breached, in bad faith or otherwise.

For the foregoing reasons, Plaintiff's claims against USLI are dismissed with prejudice.[10]

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss for Failure to State a Claim [Doc. 21] is **GRANTED**;

(2) The Amended Plaintiff's Complaint [Doc. 15-22] is **DISMISSED with prejudice**;

(3) As the prevailing party, Defendant USLI is **AWARDED** costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 54.1; and

(4) The Clerk of Court is **DIRECTED** to close this case.

DATED: October 30, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[10] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). The validity of USLI's defense is controlled entirely by the Policy's terms as applied to the allegations in the underlying complaint, which are properly before the Court here. Thus, no additional allegations could affect the Court's determination that USLI had no duty to defend Peak Tavern in the underlying action and dismissal of Plaintiff's action on that basis.